IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RHOLAND MARTINEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv421 |
| WARDEN SMITH, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Rholand Martinez, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled lawsuit.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

Plaintiff filed the claims which form the basis of this lawsuit in the United States District Court for the Southern District of Texas as part of a multi-claim lawsuit against seventeen defendants concerning alleged civil rights violations which occurred at three different prison facilities. The court severed the action into three separate lawsuits and transferred the claims which occurred at the Stiles Unit to this court.

Plaintiff has neither paid the $402.00 filing fee nor submitted an application to proceed *in forma pauperis* in this action along with his complaint. Accordingly, on August 16, 2021, plaintiff was ordered to submit either the $402.00 filing fee or an application to proceed *in forma pauperis* and a statement certified by an authorized prison official showing the average balance in and deposits into plaintiff's inmate trust account for the preceding six months. Plaintiff's compliance was due on or before the expiration of twenty (20) days from the date of the order.

Fed. R. Civ. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).

"This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962).

In response to the order to pay the filing fee or submit an application to proceed *in forma pauperis* plaintiff filed a request for no additional fees to be required for this lawsuit because he brought the claims as part of his lawsuit in the Southern District. However, a prisoner may not avoid paying filing fees for each lawsuit by improperly joining claims, rather than filing separate cases. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.* The reason for this is to ensure that prisoners not avoid the PLRA requirements related to payment of the filing fee and § 1915(g) "strike" consequences for filing frivolous actions. *Id*. at 607-08. Thus, plaintiff's request to waive the filing fee is without merit.

As of this date, plaintiff has failed to pay the filing fee or submit a proper application to proceed *in forma pauperis* as ordered. Accordingly, plaintiff has failed to diligently prosecute this case. Therefore, this case should be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

## Recommendation

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 4th day of November, 2021.

_____
Zack Hawthorn
United States Magistrate Judge